# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MATTHEW JOHN CAUSEY,

    Petitioner,

vs.

E. K. MCDANIEL, et al.,

    Respondents.

Case No. 3:06-CV-00311-LRH-(RAM)

**ORDER**

    Before the Court are the Petition for a Writ of Habeas Corpus (#8) and Respondents' Answer (#14). The Court finds that Petitioner is not entitled to relief and denies the Petition (#8).

    At all relevant times, Petitioner was a prisoner in the Ely State Prison. In the Seventh Judicial District Court, Petitioner was found guilty and convicted of possession of an explosive device by an incarcerated person, a violation of Nev. Rev. Stat. § 212.185. The prosecution sought adjudication of Petitioner as a habitual criminal pursuant to Nev. Rev. Stat. § 207.010(1)(a), based upon two sets of convictions. One set was in 1998 for first-degree murder with the use of a deadly weapon, third-degree arson, and being an ex-felon in possession of a firearm; the firearm count was severed and tried separately. The other conviction was in 1990 for possession of a controlled substance for sale. Exs. 9 (#16-7, p. 32), 10 (#17-1, p. 3).[1] The state district court agreed and sentenced Petitioner as a habitual criminal to a maximum term of twenty years and a minimum term of eight years. Ex. 21 (#17-4, p. 28). Petitioner appealed, and the Nevada Supreme Court affirmed.

---

[1] Page numbers in parentheses refer to the Court's electronic images of the documents.

Ex. 26 (#17-5, p. 23). Petitioner then filed a post-conviction petition for a writ of habeas corpus in the state district court. Ex. 28 (#17-6, p. 2). The district court denied the petition. Ex. 34 (#17-8, p. 6). Petitioner did not appeal from the denial.

Petitioner then commenced this action. The Petition (#8) contained five grounds. The Court dismissed Grounds 1, 2, and 5. Order (#5). The Answer (#14) addresses Grounds 3 and 4.

"A federal court may grant a state habeas petitioner relief for a claim that was adjudicated on the merits in state court only if that adjudication 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,'" Mitchell v. Esparza, 540 U.S. 12, 15 (2003) (quoting 28 U.S.C. § 2254(d)(1)), or if the state-court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2).

> A state court's decision is "contrary to" our clearly established law if it "applies a rule that contradicts the governing law set forth in our cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." A state court's decision is not "contrary to . . . clearly established Federal law" simply because the court did not cite our opinions. We have held that a state court need not even be aware of our precedents, "so long as neither the reasoning nor the result of the state-court decision contradicts them."

Id. at 15-16. "Under § 2254(d)(1)'s 'unreasonable application' clause . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must be objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003) (internal quotations omitted).

> [T]he range of reasonable judgment can depend in part on the nature of the relevant rule. If a legal rule is specific, the range may be narrow. Applications of the rule may be plainly correct or incorrect. Other rules are more general, and their meaning must emerge in application over the course of time. Applying a general standard to a specific case can demand a substantial element of judgment. As a result, evaluating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.

Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).

The petitioner bears the burden of proving by a preponderance of the evidence that he is entitled to habeas relief. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004), cert. dismissed, 545 U.S. 1165 (2005).

In Ground 3, Petitioner argues that the trial court violated the Constitution by admitting at his sentencing hearing evidence of his prison disciplinary history. Harry Peltzer, a caseworker at the Ely State Prison, testified to two events. First was a knife attack upon another inmate in the prison's culinary area. Second was Petitioner's ordering of an attack upon another inmate coupled with the discovery of a prison-made weapon in Petitioner's cell. Ex. 13, pp. 6-7 (#17-2, pp. 7-8). Issues of evidence are not of federal constitutional importance unless they make the trial so unfair as to violate due process. Estelle v. McGuire, 502 U.S. 62, 67-68, 75 (1991). On this issue, the Nevada Supreme Court held:

> Second, Causey contends that his due process rights were violated at the sentencing hearing when the district court relied on testimony from an Ely State Prison caseworker. In particular, Causey notes that the caseworker testified about Causey's prison disciplinary problems, including a prior assault, based on prison records, but had no first-hand knowledge of the underlying incidents for which Causey was disciplined. We conclude that Causey's contention lacks merit.
>
> As a preliminary matter, we note that the transcript of the sentencing hearing reveals that the prison caseworker was under oath and subject to cross-examination when he testified about Causey's prison disciplinary history. On cross-examination, the prison worker admitted that he had no personal knowledge of the prior incidents and that the assault charge arose from allegations made by a confidential informant who Causey was not allowed to cross-examine. To the extent that Causey argues that the district court erred in considering the prior assault because the evidence was impalpable, we conclude that contention lacks merit.
>
> We have previously stated that the sentencing court is able "to consider a wide, largely unlimited variety of information to insure that the punishment fits not only the crime, but also the individual defendant." This court will refrain from interfering with the sentence imposed "[s]o long as the record does not demonstrate prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence." Causey's conduct while in prison was a relevant consideration in determining his sentence, and the testimony based on Causey's prison file was not impalpable or highly suspect. Accordingly, the district court did not violate Causey's due process rights or abuse its discretion at sentencing.

Ex. 26, pp. 2-3 (#17-5, pp. 24-25) (footnotes omitted). The Nevada Supreme Court reasonably applied McGuire.

Respondents note that the evidence of Petitioner's disciplinary history was presented to the judge at sentencing, and not to the jury. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).

> [T]he "statutory maximum" for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. . . . In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings.

Blakely v. Washington, 542 U.S. 296, 303-304 (2004) (citations omitted, emphasis in original). The part of the habitual criminal statute at issue here requires the finding of two prior felony convictions. Nev. Rev. Stat. § 207.010(1)(a). The statute allows for a sentence with a maximum term of not more than twenty years and a minimum term of not less than five years. Id. A minimum term cannot be greater than forty percent of the maximum term. Nev. Rev. Stat. § 193.130(1). The district court has the discretion to dismiss a habitual-criminal count, Nev. Rev. Stat. § 207.010(2), but the law requires no specific findings of fact other than the prior convictions to impose a habitual-criminal sentence, Hughes v. State, 996 P.2d 890, 893 (Nev. 2000). The state district court admitted evidence of Petitioner's prior convictions. Ex. 11, pp. 3-4 (#17-1, pp. 9-10). The sentence that the state district court imposed, a maximum term of twenty years and a minimum term of eight years, was within the statutory maximum allowed by § 193.130(1) and § 207.010(1)(a). Therefore, consideration of Petitioner's disciplinary history did not violate Apprendi and Blakely.

In Ground 4, Petitioner claims that the district court violated due process by using the 1990 conviction for possession of a controlled substance for sale in the habitual-criminal adjudication. Respondents correctly note that Petitioner presented this claim to the Nevada Supreme Court on direct appeal solely as a question of state law. See Ex. 24, p. 7 (#17-5, p. 8). Consequently, Petitioner did not exhaust his state-court remedies for Ground 4. 28 U.S.C. § 2254(b)(1); Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001). Nonetheless, the Court will deny Ground 4 on the merits. 28 U.S.C. § 2254(b)(2).

Petitioner presents two arguments why the use of the 1990 conviction was unconstitutional. First, he argues that the judgment of conviction was too stale and trivial. This is the state-law issue

that Petitioner presented on direct appeal. Ex. 24, p. 7 (#17-5, p. 8). The Nevada Supreme Court held:

> Finally, Causey contends that the district court erred in adjudicating him as a habitual criminal because his 13-year-old conviction for possession of a controlled substance was too remote and trivial to be used to enhance his sentence. We conclude that Causey's contention lacks merit.
>
> The district court may dismiss counts brought under the habitual criminal statute when the prior offenses are stale, trivial, or where an adjudication of habitual criminality would not serve the interests of the statute or justice. The habitual criminal statute, however, makes no special allowance for non-violent crimes; this is merely a consideration within the discretion of the district court. We conclude that, in light of the facts that Causey had the requisite number of prior felony convictions, one of which was for murder, the district court did not abuse its discretion in adjudicating him as a habitual criminal.

Ex. 26, pp. 3-4 (#17-5, pp. 25-26) (footnotes omitted). The Supreme Court of the United States has not clearly established that the Constitution places a limit on the age or nature of a felony conviction used in a habitual-criminal adjudication. Consequently, the Nevada Supreme Court's ruling could not have been contrary to, or an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(1). This aspect of Ground 4 is without merit.

Second, Petitioner argues that when he pleaded guilty in the 1990 case the district court did not properly canvass him, and his counsel did not properly advise him, about the future consequences of his plea. However, Petitioner can challenge the validity of the final judgment of conviction in the 1990 case only on the basis that no counsel was appointed to represent him. Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 403-04 (2001). Petitioner's own allegations establish that counsel represented him in the 1990 case. Therefore, he cannot challenge the validity of the 1990 conviction in this case, and the second aspect of Ground 4 is without merit.

The Court dismissed Ground 5 in its initial review of the case. See Order (#5). One aspect of Ground 5, Petitioner alleged that the state court used the 1998 conviction for being an ex-felon in possession of a firearm as a conviction separate from the 1998 convictions for first-degree murder with the use of a deadly weapon, third-degree arson, and trafficking in a controlled substance for the purposes of determining whether Petitioner had the requisite number of prior convictions to be adjudicated as a habitual criminal. Petitioner claimed that counsel was ineffective for failing to object to that separation. In dismissing this part of Ground 5, the Court incorrectly interpreted

Nevada law.  Multiple convictions that result from one indictment or information count as one crime for the purposes of § 207.010(1)(a).  Halbower v. State, 606 P.2d 536, 537 (Nev. 1980); Rezin v. State, 596 P.2d 226, 227 (Nev. 1979).  However, the record shows that the prosecution and the state court did treat the 1998 convictions for murder, arson, trafficking, and firearm possession all as one crime; the second crime to justify the habitual-criminal adjudication was the 1990 conviction for possession of a controlled substance for sale.  Exs. 9 (#16-7, p. 32), 10 (#17-1, p. 3).  The Court's ultimate conclusion remains the same: Counsel could not have succeeded with this objection, and this part of Ground 5 is without merit.

IT IS THEREFORE ORDERED that the Petition for a Writ of Habeas Corpus (#8) is **DENIED**.  The Clerk of the Court shall enter judgment accordingly.

DATED this 3rd day of April, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE